IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **JAMES ARNOLD**, *et. al*, | ) |
| | ) |
|   **Plaintiffs**, | ) |
| | ) |
| vs. | )  **CIVIL ACTION NO. 03-0819-CG-B** |
| | ) |
| **THOMAS TRUCKING CO., INC.**, *et. al*, | ) |
| | ) |
|   **Defendants.** | ) |

## ORDER

This cause is before the court on defendant Golden Peanut Company, LLC's (GPC) motion for partial summary judgment and plaintiff's response (Docs. 123, 128); defendant WDL Rentals, LLC's (WDL) motion to strike the testimony of Dr. Thomas Talbot and plaintiff's response (Docs. 125, 136); and GPC's motion to strike the testimony of Dr. Thomas Talbot and plaintiff's response (Docs. 133, 146); and WDL's motion to strike the affidavit of Paul Levering, etc. (Doc. 150)..

I. GPC's motion for partial summary judgment

Plaintiff filed a response to GPC's motion for partial summary judgment, conceding that it was due to be granted. (Doc. 128). In light of plaintiff's concession, the court finds that GPC's motion for partial summary judgment as to plaintiff's claim of negligent, willful, malicious and/or wanton entrustment is due to be granted.

II. Motions to strike the testimony of Dr. Talbot[1]

  A. Federal Motor Carrier Safety Regulations

---

[1] The court finds that a Daubert hearing on the motions to strike Dr. Talbot's testimony is unnecessary. See, e.g., Cook ex rel. Estate of Tessier v. Sheriff of Monroe County, Fla., --- F.3d ----, 2005 WL 552483 (11th Cir. 2005) (holding that district court did not abuse its discretion by not holding a Daubert hearing in an "uncomplicated" case with only one expert witness at issue).

The question of whether Dr. Talbot may opine as an expert on various regulatory requirements takes up almost the entirety of GPC's motion to strike Dr. Talbot's testimony, though GPC still seeks to prohibit *all* evidence or testimony from Dr. Talbot.  (Doc. 133).  GPC argues strenuously that Dr. Talbot is not an expert on the Federal Motor Carrier Safety Regulations ("FMCSR"), and that he should not be certified as an expert thereon.  Id.  Neither Dr. Talbot's "Brake Drum Failure" report or his "Supplement to Brake Drum Failure Expert Report" make any mention of or reference to the FMCSR.  (Doc. 125, Exhs. B and C).

Regarding the expert report, Federal Rule of Civil Procedure 26 provides:

> Except as otherwise stipulated or directed by the court, this disclosure shall, with respect to a witness who is retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony, be accompanied by a written report prepared and signed by the witness.  **The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor**; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

FED. R. CIV. PROC. 26(a)(2)(B) (emphasis added).

The first mention of Dr. Talbot's alleged expertise on the FMCSR came late last month in the form of an affidavit attached to plaintiff's response to a motion to strike Dr. Talbot's testimony.  (Doc. 146, Ex. 1).  This affidavit was subsequent to both of Dr. Talbot's expert reports and also to his deposition.  As neither Dr. Talbot's initial report nor his supplemental report provided any indication that plaintiff intended Dr. Talbot to testify as an expert on the FMCSR, Dr. Talbot will be prohibited from testifying as an expert on the regulations.

B. Legal standard for admissibility of expert testimony

2

Federal Rule of Evidence 702 states:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, expertise, training or education, may testify thereto in the form of an opinion or otherwise.

FED. R. EVID. 702.

"Expert testimony may be admitted into evidence if: (1) the expert is qualified to testify competently regarding the matters he intends to address; (2) the methodology by which the expert reaches his conclusions is sufficiently reliable as determined by the sort of inquiry mandated in Daubert; and (3) the testimony assists the trier of fact, through the application of scientific, technical, or specialized expertise, to understand the evidence or to determine a fact in issue." City of Tuscaloosa v. Harcros Chemicals, Inc., 158 F.3d 548, 562 (11th Cir. 1998) citing FED. R. EVID. 702 and Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 at 589 (1993).

The three-pronged Daubert analysis applies not only to "scientific" testimony, but to all expert testimony. Kumho Tire Co., Ltd. v. Carmichael, 526 U.S. 137, 147 (1999). "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." Daubert, 509 U.S. 579 (1993) citing Rock v. Arkansas, 483 U.S. 44 at 61 (1987).

    1.    <u>Analysis</u>

Defendants WDL and GPC move to strike Dr. Talbot's testimony in its entirety, averring that plaintiffs have failed to satisfy each of the prongs of the aforementioned Daubert analysis. (Docs. 125, 133). The court addresses the Daubert elements in turn.

    a.    <u>Whether Dr. Talbot is qualified to testify competently regarding the matters he intends to address</u>

Dr. Talbot's expert reports (Doc.125, Exhs. B and C)[2] reflect his opinion that the tractor-trailer in question was being operated in an "out of service" condition. Id., Ex. B. Essentially, Dr. Talbot indicates his intention to testify that the tractor-trailer at issue would not have been on the road in that condition the day of the accident if proper inspections and maintenance had occurred. Id.

Dr. Talbot's curriculum vitae reflects an extensive professional history in the field of mechanical engineering and he has been a professor emeritus in the Department of Materials and Mechanical Engineering at the University of Alabama at Birmingham's School of Engineering since 1990. (Doc. 136, Ex. G). Additionally, Dr. Talbot served year-long terms as Chairman of the Alabama Board of Licensure for Professional Engineers and Land Surveyors on three separate occasions. Id.

It is this court's understanding that Dr. Talbot intends, based upon his professional and academic experience, to testify that the accident in question could not have occurred if proper maintenance and inspection had been undertaken, as the structural integrity of the component parts could not have deteriorated as rapidly as defendants assert. Defendants attack his qualifications on the grounds that 1) that Dr. Talbot does not satisfy the Eleventh Circuit standard for an expert on brake drums and 2) that he is not qualified to opine on the cause or date of emergence of the cracks that admittedly appeared in the brake drums. The court finds that Dr. Talbot's experience in mechanical and structural engineering, and his general familiarity with the strength of the materials used to construct the component parts of the brake drum at issue, render the point of whether he is a brake drum expert,

---

[2] WDL moves to strike Dr. Talbot's supplemental expert report on the grounds that it is untimely. (Doc. 125). WDL concedes that this new opinion was based "on information learned in discovery relating to the miles on the trailer." Id. As the supplemental report was reasonably related to evidence produced during the course of discovery, and that occurred after the filing of the initial expert report, the court finds that the supplement was both appropriate and timely.

per se, irrelevant. Dr. Talbot is qualified to opine on the condition of the structural components of the trailer at the time of the accident, pursuant to his investigation and analysis as reflected in his expert disclosure.

> b. Whether the methodology by which Dr. Talbot reached his conclusions is sufficiently reliable

Defendants argue that Dr. Talbot's methodology is unreliable because 1) he is unfamiliar with certain regulatory requirements, 2) he did not perform any calculations, measurements, or scientific tests on the brake drum, 3) he failed to investigate the history of the use of the trailer, and 4) his opinions are speculative. (Docs. 125, 133).

Regarding the first argument, the court finds that Dr. Talbot is not so unfamiliar with potentially relevant regulatory requirements as to render his methodology unreliable. His deposition contains several instances in which he is able to describe, using generalities, the requirements of the FMCSR. This is not to say that he is an expert on the FMCSR, or that he can provide cites to specific code sections upon command, but only that he is not so unfamiliar with the regulations as to render his methodology unreliable.

Regarding the latter three arguments, the court finds that Dr. Talbot's review of the evidence on the record and visual inspection are sufficient grounds for his opinion as an expert in mechanical engineering that the certain component parts of the trailer rendered the trailer unsuitable for use on the interstate. Defendants' arguments that Dr. Talbot's investigation should have included additional measures are properly raised on cross-examination, not by seeking to exclude his testimony in toto. "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993) citing Rock v. Arkansas, 483

U.S. 44 at 61 (1987). The court finds that Dr. Talbot's opinions on the structural integrity of the component parts at issue are not speculative, given his education and professional experience.

   c. <u>Whether the testimony assists the trier of fact, through the application of scientific, technical, or specialized expertise, to understand the evidence or to determine a fact in issue.</u>

The court finds that Dr. Talbot's opinion as to the condition of the parts at issue in this case would assist the trier of fact in determining whether defendants were negligent in their care, maintenance, and inspection of the parts at issue in this case. As this is a fact in issue, the court finds that this prong of the <u>Daubert</u> analysis is also satisfied.

III. <u>WDL's motion to strike expert affidavits</u>

WDL moves to strike two expert affidavits proffered in connection with plaintiff's response to WDL's motion for summary judgment on the grounds that the affidavits are unsworn. (Doc. 150). In reply, plaintiff states that the unsworn nature of the affidavits was due to inadvertence and mistake on the part of plaintiff's counsel. (Doc. 152). Plaintiff's reply includes sworn and notarized copies of the affidavits. <u>Id</u>. Finding that there is no prejudice in allowing plaintiff to cure the omission, the court finds that WDL's motion to strike is due to be denied and that the sworn affidavits are due to be substituted for the unsworn affidavits.[3]

## CONCLUSION

After due consideration of all matters presented, and for the reasons set forth herein, the court **FINDS AS FOLLOWS**:

GPC's motion for partial summary judgment (Doc. 123) is **GRANTED**;

---

[3] The court notes that this finding goes only to the procedural propriety of the affidavits and not to the substance therein. If Judge Bivins determines that Paul Levering is not a proper expert witness in this case his affidavit will not be considered in determining the merits of WDL's motion for summary judgment.

6

WDL's motion to strike all testimony from Dr. Talbot (Doc. 125) is **DENIED**;

GPC's motion to strike Dr. Talbot's testimony (Doc. 133) is **GRANTED** insofar as Dr. Talbot is not permitted to testify as an expert on the Federal Motor Carrier Safety Regulations and **DENIED** insofar as it seeks to prevent Dr. Talbot from providing any expert testimony at all; and

WDL's motion to strike (Doc. 150) is **DENIED**.

**DONE and ORDERED** this 19th day of April, 2005.

/s/ Callie V. S. Granade
**CHIEF UNITED STATES DISTRICT JUDGE**